**Lloyd RICE, Petitioner,**

v.

**STATE OF WISCONSIN, Respondent.**

**No. 68–C–172.**

United States District Court
E. D. Wisconsin.

June 21, 1968.

Lloyd Rice, pro se.

## ORDER

**MYRON L. GORDON, District Judge.**

The petitioner, Lloyd Rice, has submitted a petition for writ of habeas corpus and seeks leave to file the same in forma pauperis. On June 23, 1967, Mr. Rice was found guilty of first degree murder by a jury and was convicted and sentenced by the Kenosha county court. The petitioner was represented by counsel in the state court proceedings, including his appeal to the Wisconsin supreme court.

The facts of the case at bar are described in detail in State v. Rice, 38 Wis. 2d 344, 156 N.W.2d 409 (1968). Briefly stated, Mr. Rice was convicted for the shotgun murder of William Nichols outside the Bear Inn tavern in Kenosha county on May 29, 1966. Mr. Rice was the owner and operator of the tavern; Mr. Nichols was a patron. As they are set out in the state supreme court opinion, the facts show that William Nichols had first become involved in a fist fight with another patron, and that the petitioner ultimately became involved in a separate fist fight with Nichols. There was conflicting testimony with regard to the first fight, but one witness testified that during the fight, Nichols sustained a blow to the head, and that he fell and hit his head on the corner of a pool table.

With regard to the subsequent fight between Nichols and the petitioner, again the testimony was in conflict, but the same witness testified that Nichols was struck on the top of his head with a closed fist by a patron who was attempting to break up the fight. Nichols was finally dragged outside the tavern by some patrons; he was laid on his back near the doorway. The petitioner stepped outside the doorway, pointed a shotgun at Nichols, and shot him once in the face. The state supreme court held that the evidence was inconsistent with any theory that Nichols was already dead when the gun discharged.

The petitioner alleges in his petition that three prejudicial errors were committed by the trial court. The grounds raised in the petition at bar are identical to those considered by the state supreme court: (1) limiting cross-examination of the state's expert witness, (2) refusal to permit the defendant's medical expert to answer a hypothetical question, and (3) comments made by the trial judge in the presence of the jury relating to testimony.

With respect to the first ground, the state's medical expert had testified that death was caused by loss of blood and cardiovascular collapse due to a shotgun wound. The petitioner attempted to cross-examine the witness by asking hypothetical questions relating to blows on the head, specifically asking whether the witness would have performed a pathology of the brain given the hypothetical history. The trial court sustained the state's objections to these questions on the ground that the questions did not contain such things as the severity of the blows and how the decedent's head struck the pool table.

The state supreme court held that it was an abuse of discretion, under the circumstances, for the court to disallow the defendant's pursual on cross-examination of the possibility of the victim's having died of causes unrelated to the shotgun blast. State v. Rice, 38 Wis.2d 344, 354, 156 N.W.2d 409, 414 (1968).

The defendant was also not permitted to ask a similar hypothetical question to his own medical expert. The trial court stated that the question did not include as a factor the amount of force involved in the various blows to the victim's head. However, the state supreme court held that the description of the blows was sufficient to support an inference for the doctor to formulate some type of opinion whether the deceased suffered head injuries that could have caused death.

In response to the petitioner's third ground, the court stated at page 359, 156 N.W.2d at page 417:

"The judge's comment in this instance was consistent with his opinion that the hypothetical question was insufficient to be the basis of an expert's opinion as to the cause of death. Because we have concluded it was error to sustain the objections to the hypothetical questions it follows that the comment was improper."

Although the supreme court found error with respect to all grounds raised by the petitioner, the court held that "the errors in the trial were not prejudicial and did not affect a substantial right of the defendant." State v. Rice, supra, page 361, 156 N.W.2d page 418. At pages 360 and 361, 156 N.W.2d at page 417, the court said:

"We have reviewed the entire record with great care. From the proceedings as a whole we conclude that it is impossible to believe Nichols came to his death by means other than the shotgun blast to his face at the hands of the defendant. Any errors in trial did not affect the substantial rights of the defendant. While the evidence conceivably would have permitted the jury to return a verdict of second-degree murder or even manslaughter, this evidence did not go to the cause of

Nichols' death. The defendant does not contend, nor could he successfully do so, that the evidence in the record is insufficient to support a verdict of first degree murder.

"There is no positive evidence that Nichols was unconscious at the time he was shot. On the contrary, two of the three witnesses who saw the affair outside the tavern door, both of whom were witnesses for the defendant, testified to the contrary. The witness Gibson testified that Nichols was lying on his back with his arms in the air and hands on the gun barrel struggling with the gun. The defendant himself testified that Nichols had his hands on the gun barrel and was struggling when the gun was discharged. This uncontradicted testimony is entirely inconsistent with any theory that Nichols was already dead, that he was dying, or that he was unconscious. It is a matter of common knowledge that a blast from a 12-gauge shotgun at close range is usually devastating and lethal. We are convinced, as was the jury and the trial court, that Nichols died as a result of the shotgun blast at the hand of the defendant. The errors in the trial were not prejudicial and did not affect a substantial right of the defendant."

The opinion of the Wisconsin supreme court is persuasive. Under § 274.37, Wis.Stats. (1965), an error at trial is not reversible unless in light of the entire record the error affected the substantial rights of the defendant. Oseman v. State, 32 Wis.2d 523, 530, 145 N.W.2d 766 (1966). In my opinion, the petition in the case at bar fails to show any constitutional error.

Therefore, it is ordered that leave to file the petition in forma pauperis for writ of habeas corpus be granted, and that said petition be and hereby is dismissed.