**Lloyd RICE, Appellant,**

v.

**STATE OF WISCONSIN, Wilber B. Schmidt, Director of the Wisconsin Department of Health and Social Service, Sanger B. Powers, Director of the Division of Corrections, and John Burke, Warden of Waupun State Prison, Respondents.**

No. 17790.

United States Court of Appeals, Seventh Circuit.

Feb. 27, 1970.

Robert G. Roberts, Racine, Wis., for appellant.

Robert W. Warren, Atty. Gen., Sverre O. Tinglum, Asst. Atty. Gen., Madison, Wis., for appellee.

Before HASTINGS, Senior Circuit Judge, CASTLE, Circuit Judge, and CAMPBELL, District Judge.[1]

HASTINGS, Senior Circuit Judge.

Petitioner Lloyd Rice appeals from an order of the United States District Court for the Eastern District of Wisconsin dismissing his petition for a writ of habeas corpus. We affirm.[2]

On June 8, 1967, petitioner was found guilty of murder in the first degree by a jury verdict following a trial in the county court of Kenosha County, Wisconsin. After a hearing, the trial court denied a motion for new trial and on June 23, 1967 sentenced him to life imprisonment which he is now serving as a prisoner of the State of Wisconsin in the Waupun State Prison.

On appeal, the Supreme Court of Wisconsin affirmed the judgment of conviction and sentence, State v. Rice, 38 Wis.2d 344, 156 N.W.2d 409 (1968). It subsequently denied a motion for rehearing, without costs.

Petitioner's first federal habeas petition in the Eastern District of Wisconsin was denied on June 21, 1968, in No. 68–C–172, by a memorandum order of the Honorable Myron L. Gordon, District Judge, 286 F.Supp. 698. It does not appear that any appeal was taken from this adverse ruling.

---

1. District Judge William J. Campbell is sitting by assignment from the Northern District of Illinois.

2. Petitioner was represented by privately employed counsel, Robert G. Roberts, a member of the Racine, Wisconsin Bar, at all times in the Wisconsin trial and Supreme Court, in three federal habeas corpus proceedings in the Eastern District of Wisconsin and now on appeal in this court.

Petitioner's second federal habeas petition was denied on March 24, 1969, in No. 68–C–370, by a memorandum order of the Honorable Kenneth P. Grubb, Senior District Judge.

On May 21, 1969, petitioner's third and final federal habeas petition, in No. 69–C–151, was denied by Judge Grubb in a memorandum order. It is this adverse ruling that is now before us on appeal.

The facts relating to the murder itself are not in dispute and are not questioned here as they are reported by the Supreme Court of Wisconsin in State v. Rice, *supra*. We incorporate the Wisconsin court's statement of them by reference. In substance, the facts show that petitioner shot William Nichols in the face with a shotgun as Nichols lay beaten on the round following a tavern brawl.

In petitioner's appeal to the Supreme Court and in each of his federal habeas corpus petitions, he alleges in substance that the trial court prejudicially erred in three instances, *i. e.*, (1) limiting cross-examination of the state's expert medical witness; (2) refusing to permit the defendant's medical expert witness to answer a hypothetical question; and (3) in a comment made by the trial judge in the presence of the jury in sustaining an objection to a long hypothetical question propounded to defendant's medical expert.

The Supreme Court of Wisconsin considered these questions at length in its opinion, reviewing applicable Wisconsin law. It held it was an abuse of discretion, under the circumstances, "for the court to disallow the defendant's perusal on cross-examination of the possibility of the victim dying of causes unrelated to the shotgun blast." 38 Wis.2d, at 354, 156 N.W.2d at 414. It further held that

the trial court erred in sustaining the state's objections to certain hypothetical questions relating to the same general subject matter asked of defendant's medical expert. 38 Wis.2d, at 358, 156 N.W.2d 409. It finally held that the trial court's remark made in sustaining an objection to a question asked of defendant's medical expert was improper. 38 Wis.2d at 359, 156 N.W.2d 409.

However, the Supreme Court concluded, after reviewing the entire record with great care and from the proceedings as a whole, that the errors in the trial were not prejudicial and did not affect the substantial rights of the defendant. 38 Wis.2d, at 360–361, 156 N.W.2d 409. Oseman v. State, 32 Wis.2d 523, 530, 145 N.W.2d 766 (1966); Sec. 274.37, Wis. Stats.[3]

Judge Gordon, in the district court, reviewed the record and the proceedings in the state courts. He found the Supreme Court opinion persuasive and concluded "the petition in the case at bar fails to show any constitutional error." Judge Grubb, in each of his orders, agreed that the alleged errors were not of constitutional dimension and that petitioner's petition was not cognizable on federal habeas corpus.

We have reached the same conclusion. The two errors concerning the hypothetical questions were governed by Wisconsin state law. They both reached for the answer to whether the murder victim's death might have been caused by injuries to his head arising from the tavern brawl. It is clear to us beyond all doubt, as it was to all others who have reviewed this record, that the victim was alive at the time of the shotgun blast in his face at the hands of the defendant and that this resulted in his death. There is no contention that the evidence in the record

3. "Judgments; application to reverse or set aside; new trial; reversible errors. No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or pro-

cedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

is insufficient to support a verdict of first-degree murder.

In passing, we note that the Supreme Court held "that prior injury and even one which will or might lead to death does not affect the liability for homicide of an accused whose act contributed to or accelerated the death." *Id.*, 38 Wis.2d at 360, 156 N.W.2d at 417, citing 40 C.J.S. Homicide, § 11, p. 856. We agree.

We observe that the trial judge's challenged comment was technically improper and would have been better left unsaid. However, our examination of the contents of the remark itself leaves us with the distinct impression that it is both meaningless and without prejudicial consequence.

We conclude, under the circumstances of this case, that the errors found in the trial do not rise to the dignity of federal constitutional stature.

Petitioner on brief and in oral argument on appeal, strenuously urges that the alleged errors are violative of his federal constitutional rights under the Sixth and Fourteenth Amendments. He contends that he was denied the right to jury trial and the right to confront witnesses against him when the trial court did not permit him to pose certain hypothetical questions to his and the state's experts. On the record before us we are unable to find that these two evidentiary rulings of the trial judge, admittedly incorrect under Wisconsin law, raise federal constitutional questions.

This case is utterly devoid of any claims of prejudice arising from the trial of multiple defendants; the use of confessions; the improper admission of evidence; or from the poverty, delinquency, race, incompetency or lack of adequate representation of the petitioner which usually permeate a claimed violation of federal constitutional rights.

However, assuming arguendo that Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) is applicable, then we would hold that in this case the State of Wisconsin has demonstrated to us that the errors found in the trial were harmless beyond a reasonable doubt and do not require a reversal of the conviction of petitioner.

The order of the district court dismissing petitioner's petition for a writ of habeas corpus is affirmed.

Affirmed.